IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM MASKELL                                                                                             PLAINTIFF

v.                                                  Civil No.1:24-cv-01024-SOH-BAB

CINDY WAGNON
Court Clerk, Bradley County                                                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed *pro* se by Plaintiff, Adam Maskell, under 42 U.S.C. § 1983. Before the Court is a Motion to Dismiss Case filed by Plaintiff. ECF No. 13. Defendant, Cindy Wagnon, has filed a Response in which states she has no objection to Plaintiff's request to voluntarily dismiss this case without prejudice. ECF No. 14. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.     BACKROUND

Plaintiff is currently a resident of Clarksville, Arkansas. His claims in this action arise from alleged difficulties he had with obtaining documents from Defendant for use in ongoing litigation involving Plaintiff. He filed his Complaint on March 29, 2024. ECF No. 1. He filed a Supplement to the Complaint on April 17, 2024. ECF No. 5. Defendant filed an Answer to the Complaint on May 28, 2024. ECF No. 10. On August 15, 2024, the Court entered an Initial Scheduling Order directing the parties to conduct a Rule 26(f) Conference on or before 9/11/2024. The order also set discovery and motions for summary judgment deadlines, with a trial date of July 7, 2025. ECF No. 11.

On August 23, 2024, Plaintiff filed the instant Motion to Dismiss Case. ECF No. 13. In

this Motion, Plaintiff requests the Court dismiss the case as the parties have resolved many of the issues relating to the case and "in the interest of justice this lawsuit needs to be dismissed". ECF No. 13. Defendant filed a Response on August 26, 2024, in support of Plaintiff's Motion to Dismiss. ECF No. 14. Defendant requests the Court grant Plaintiff's Motion and dismiss his Complaint. *Id*.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for motions seeking voluntary dismissal:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

It is within the Court's sound discretion to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit. *Beavers v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007). In making its decision, the Court should consider the following factors: "(1) whether the plaintiff has presented a proper explanation for the desire to dismiss; (2) whether the defendant has expended considerable effort and expense in preparing for trial; (3) whether the plaintiff exhibited 'excessive delay and lack of diligence' in prosecuting the case; and (4) whether the defendant has filed a motion for summary judgment." *Id.* (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

## III.  DISCUSSION

Here, the Court's consideration is straightforward as Defendant has agreed to the voluntary dismissal of Plaintiff's Complaint. Defendant does not allege any wasted effort or expense in preparing for trial; Plaintiff has not exhibited any excessive delay or lack of diligence in

prosecuting this matter; and Defendant has not yet filed a Motion for Summary Judgment. Accordingly, the Court finds dismissal should be granted as it is unopposed.

## IV. CONCLUSION

For the reasons stated above, it is recommended Plaintiff's Motion to Dismiss Case (ECF No. 13) be **GRANTED** and the claims against Defendant be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August 2024.

s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE